**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

   **Plaintiffs**

       **v.**

HECTOR REYES-RODRIGUEZ,

   **Defendants.**

**CIVIL NO.** 03-83 (JAG)

**OPINION AND ORDER**

Garcia-Gregory, D.J.

On March 14, 2003, a Federal Grand Jury charged defendant Hector Reyes-Rodriguez ("Reyes") and sixteen other co-defendants in a two-count indictment. Count one charged defendants with violations of 21 U.S.C. §§ 841(a) and 846, and count two charged them with violations of 18 U.S.C. §§ 924(c)(1) and (2). Reyes entered a plea of guilty and was sentenced in June 2004 to one hundred and seventy four (174) months on count one, and the mandatory minimum of sixty (60) months on count two; a total of two hundred and thirty four (234) months of imprisonment. On appeal, the First Circuit affirmed his sentence and the Supreme Court denied *certiorari*. (Docket No. 778, p.2). In 2007, Reyes filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). The Court subsequently denied this motion. (<u>See</u> Civ. No. 07-1639, Docket No. 14).

Civil No. 08-83 (JAG)                                              2

Reyes now moves the Court for relief from judgment pursuant to 28 U.S.C. § 1651 and Fed. R. Civ. Proc. 60. (Docket No. 776). For the reasons stated below, the Court **DENIES** defendant's motion.

### DISCUSSION

Reyes argues that the statute that resulted in his 60-month sentence for carrying a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), is unconstitutionally vague. Accordingly, he moves the Court to vacate this part of his sentence.

In its opposition, the government argues that defendant's current motion is merely a second § 2255 motion in disguise.[1] According to the terms of that statute, a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…" See 28 U.S.C. § 2255(h). Section (h) effectively "[strips] the district court of jurisdiction over a second or successive *habeas* petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). Thus, we lack jurisdiction over Reyes's petition if we find that it is indeed a successive § 2255 motion.

---

[1] Reyes did not furnish a response to the government's motion; thus, we deem the argument as unopposed.

Civil No. 08-83 (JAG)                                              3

Defendant's argument under 28 U.S.C. § 1651

Section 2255, as amended, "provides a comprehensive remedial scheme for post-conviction relief." Trenkler v. U.S., 536 F.3d 85 (1st Cir. 2008). On the other hand, the All Writs Act, 28 U.S.C. § 1651, constitutes a "residual source of authority to issue writs that are not otherwise covered by statute." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Thus, "when a statute -like section 2255- specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence." Trenkler v. U.S., 536 F.3d at 97. Consequently, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id.

Section 2255(a) provides, in full, that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a).

Civil No. 08-83 (JAG)                                          4

    In the instant motion, Reyes presents a bipartite argument.
First, that the statute under which he was sentenced, 18 U.S.C.
§ 924(c), is unconstitutionally vague; and second, that the
district court should have been lenient in sentencing defendant
because of that statute's vagueness. (See Docket 776). Thus, he
is essentially arguing that his sentence was "imposed in
violation of the Constitution," and that "the sentence was in
excess of the maximum authorized by law." 28 U.S.C. § 2255(a).
Since Defendant's arguments fall plainly within the scope of
section 2255, his motion pursuant to the All Writs Act is
properly construed as a successive *habeas* petition.

Defendant's argument under Fed. R. Civ. P. 60

    A thorough review of defendant's motion reveals that he
makes no argument with regards to Rule 60(b) or (d). We may
summarily dispose of his Rule 60(d) petition: Reyes does not
mention that he was not "personally notified of the action,"
Rule 60(d)(2); does not argue that there was "fraud on the
court" in issuing the underlying judgment, Rule 60(d)(3); and
his case is certainly not one of those exceptional situations in
which Rule 60(d) relief is warranted to prevent a grave
miscarriage of justice. Rule 60(d)(1); See U.S. v. Beggerly, 524
U.S. 38 (1998).

Civil No. 08-83 (JAG)                                                    5

On the other hand, the very nature of the arguments raised by Reyes in his present motion precludes this Court from granting relief under Rule 60(b). As the government correctly notes (and as discussed above), Reyes's motion "does not address [a] defect in the prior § 2255 proceedings but instead attacks the validity of the underlying sentence imposed." U.S. v. Hernandez-Albino, 2008 WL 919686, 1 (D.P.R. 2008). In these cases, Rule 60(b) motions are properly construed as successive *habeas* petitions. Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

The motion before our consideration is, from any perspective, a second section 2255 petition. And with regards to successive *habeas* petitions, we have "only two choices: either dismiss the recharacterized petition or transfer it to [the First Circuit Court of Appeals]." See Pratt, 129 F.3d at 57. However, a transfer is warranted only if the petition is "premised on either newly discovered evidence or a new rule of constitutional law." Trenkler v. U.S., 536 F.3d at 98. To do otherwise would be an "exercise in futility." Id. Since Reyes's motion is clearly not premised on new evidence, nor on a new rule of constitutional law, the Court **DISMISSES** defendant's motion.

IT IS SO ORDERED.

Civil No. 08-83 (JAG)                                             6


        In San Juan, Puerto Rico, this 23rd day of January, 2012.




                                S/ Jay A. Garcia-Gregory
                                 JAY A. GARCIA-GREGORY
                                United States District Judge